IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Philip Sokolich,<br><br>      Plaintiff,<br><br>vs.<br><br>Bernadette Sokolich;<br>Bozemanlawfirm.com, Associate Leticia Arzu;<br>New York State Attorney General, Then Andrew Cuomo;<br>Westchester County, Probate and Surrogate Court in New York State;<br>USPS, Ogdensburg, NY;<br>USPS OIG;<br>USPS Consumer Affairs;<br>USPS Inspections Services;<br>USPS Postal Regulatory Commission, Annie Kennedy;<br>USPS Inspectors in North Carolina and Albany, NY;<br>Dave Derosier;<br>South Carolina Solicitor's Office;<br>Aiken County Sheriff's Department, SC;<br>Aiken SC Local Police Department;<br>Burnettown, SC Police Department;<br>Westchester County DA, Janet Difiore,<br><br>      Defendants.<br>_____ | C/A No.: 1:11-2157-MBS-PJG<br><br>**REPORT AND RECOMMENDATION** |

  The Plaintiff, Philip Sokolich ("Plaintiff"), is proceeding *pro se* in this matter which is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. Plaintiff indicates that he gave legal consent for his sister, Defendant Bernadette Sokolich, to act as executrix of their father-in-law's estate "worth an estimated $750,000 to $1 Million." (ECF No. 1 at 4.) Defendant Sokolich has allegedly withheld from Plaintiff a fifty percent (50%) share of the estate. (Id.) Plaintiff accuses his sister of fraud and also indicates that she has violated federal mail and wire fraud statutes. (Id. at 4-5.) Defendant

Page 1 of 8

Bozeman Law firm is named for having been paid legal fees by Defendant Sokolich. (Id. at 4.) The Complaint indicates that Defendant Derosier, USPS Inspector, confirmed for Plaintiff an address change by Defendant Sokolich. (Id.) The remaining defendants are apparently named for failing to "do their duties." (Id. at 5.) Plaintiff seeks an order directing Defendant Sokolich to pay Plaintiff fifty percent of the estate. (Id.) Plaintiff also asks the court to direct other defendants to provide court documents and bank statements relating to the case. (Id.) Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed.

## INITIAL REVIEW GENERALLY

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating

*PJG*

a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

A court must have jurisdiction over the subject matter of the litigation in order to hear and decide a case. Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998). Because federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. Pinkley, Inc. v. City of Frederick, Md., 191 F.3d 394, 399 (4th Cir. 1999). Accordingly, a federal court is required, *sua sponte*, to determine if a valid

basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." Bulldog Trucking, 147 F.3d at 352; see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

The two most commonly recognized and utilized bases for federal court jurisdiction are (1) "federal question," 28 U.S.C. § 1331, and (2) "diversity of citizenship," 28 U.S.C. § 1332. In the present case, Plaintiff is a resident of the state of New York. Section 1332(a) requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. See Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 372-74 & nn.13-16 (1978). The court has no diversity jurisdiction over this case because, according to the Plaintiff's Complaint, several of the defendants are also residents of the state of New York. In absence of diversity of citizenship, the amount in controversy is irrelevant.

The pleadings also fail to provide any clear basis for federal question jurisdiction under § 1331. However, Plaintiff does ask the court, "if necessary [to] prosecute Bernadette Sokolich, et al. for U.S. mail fraud and wire fraud against Philip Sokolich." (ECF No. 1 at 5); see also 18 U.S.C. §§ 1341, 1343. While district courts have original jurisdiction of all civil actions arising under the laws of the United States, "[n]o citizen has an enforceable right to institute a criminal prosecution." Lopez v. Robinson, 914 F.2d 486, 494 (4th Cir. 1990) (citing Linda R. v. Richard V., 410 U.S. 614, 619 (1973) ("In American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.")). Further, prosecutorial discretion does not

reside in the judicial branch; the decision whether or not to prosecute, and what charge to file or bring, generally rests within the prosecutor's discretion. Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978); see also United States v. Derrick, 163 F.3d 799, 825 (4th Cir. 1998) ("A judge in our system does not have the authority to tell prosecutors which crimes to prosecute or when to prosecute them") (quoting United States v. Giannattasio, 979 F.2d 98, 100 (7th Cir. 1992)). Thus, Plaintiff lacks the right to institute, and the court lacks authority to initiate, criminal charges against any of the defendants.

Liberally construed, the Complaint may also attempt to assert a violation of Plaintiff's constitutional rights by the defendants. A legal action under 42 U.S.C. § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). Alleged constitutional claims against federal entities or employees are evaluated under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 397 (1971), which established a direct cause of action under the United States Constitution against federal officials for the violation of federal constitutional rights. See Carlson v. Green, 446 U.S. 14, 18 (1980); Holly v. Scott, 434 F.3d 287, 289 (4th Cir. 2006). A Bivens claim is analogous to a claim brought against state officials under 42 U.S.C. § 1983, therefore, caselaw involving § 1983 claims is applicable in Bivens actions. See Harlow v. Fitzgerald, 457 U.S. 800, 814-20, n.30 (1982); see also Farmer v. Brennan, 511 U.S. 825 (1994); Bolin v. Story, 225 F.3d 1234, 1241-42 (11th Cir. 2000); Campbell v. Civil Air



Patrol, 131 F. Supp. 2d 1303, 1310, n.8 (M.D. Ala. 2001) ("[T]he court shall refer interchangeably to cases decided under both § 1983 and Bivens.").

To the extent Plaintiff is alleging a violation of his constitutional rights by the defendants, such a claim must fail. The Complaint identifies Defendant Sokolich as Plaintiff's sister, and Defendant Bozeman Law Firm as a private company which provided legal services thereto. However, purely private conduct such as that alleged in this case, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983. See Lugar v. Edmondson Oil Co., 457 U.S. 922, 936 (1982); Burton v. Wilmington Parking Auth., 365 U.S. 715, 721 (1961). As Plaintiff provides no facts to demonstrate that Defendants Sokolich and Bozeman Law Firm acted under color of state law, these two defendants are not amenable to suit under § 1983.[1]

Next, Plaintiff names numerous state and federal offices, agencies and employees as defendants. While these remaining defendants would qualify as state or federal actors, Plaintiff provides insufficient facts to state a § 1983/Bivens claim against any of them. Instead, Plaintiff indicates that "the lower jurisdictions and USPS did not do their duties for" him. (ECF No. 1 at 5.) At best, Plaintiff alleges a claim of negligence, which is not generally cognizable under 42 U.S.C. § 1983/Bivens. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Daniels v. Williams, 474 U.S. 327, 328-36 & n.3 (1986); Davidson v. Cannon, 474 U.S. 344, 345-48 (1986); Ruefly v. Landon, 825 F.2d 792, 793-94 (4th Cir. 1987); see also Pink v. Lester, 52 F.3d 73, 78 (4th Cir.1995) ("The district court properly held that

---

[1] As Plaintiff does not meet the requirements for diversity jurisdiction and any possible federal question claims Plaintiff may be asserting are subject to summary dismissal, the court may decline to exercise jurisdiction over Plaintiff's state law fraud claim. See 28 U.S.C. § 1367(c).



Daniels bars an action under § 1983 for negligent conduct[.]"). Thus, Plaintiff's claims regarding the allegedly negligent job performance of the state and federal defendants are subject to summary dismissal.

## RECOMMENDATION

Accordingly, the court recommends that the Complaint in the above-captioned case be dismissed without prejudice and without issuance and service of process.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

September 30, 2011
Columbia, South Carolina

*The Plaintiff's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).